Yvette D. Roland (SBN 120311)
DUANE MORRIS LLP
633 West 5th Street, Suite 4600
Los Angeles, CA 90071-2065
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email address: ydroland@duanemorris.com

Gregory P. Gulia *(Pro Hac Vice)*
Eric W. McCormick *(Pro Hac Vice)*
Vanessa C. Hew *(Pro Hac Vice)*
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone:  (212) 692-1000
Facsimile:  (212) 692-1020

Attorneys for Plaintiff
Unilever Supply Chain, Inc.

Steven H. Haney (SBN 121980)
HANEY, BUCHANAN & PATTERSON LLP
707 Wilshire Boulevard
Fifty-Third Floor
Los Angeles, CA 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501
Email address: shaney@hbplaw.com

Attorneys for Defendant
Manual Regalado d/b/a El Cowboy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNILEVER SUPPLY CHAIN, INC., | Case No.: 09-CV-05829 (RSWL) (VBKx) |
| Plaintiff, | Assigned to Hon. Ronald S.W. Lew Court Room 21 |
| v. | STIPULATED PROTECTIVE ORDER |
| MANUAL REGALADO D/B/A EL COWBOY, | **NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT** |
| Defendant. | Complaint Filed: August 10, 2009 Scheduling Conf. Date:  November 10, 2009 |

STIPULATED PROTECTIVE ORDER

Plaintiff Unilever Supply Chain, Inc. ("Plaintiff") and Defendant Manual Regalado d/b/a El Cowboy ("Defendant") having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery and settlement negotiations in this case, and the parties having stipulated to the proposed draft protective order, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt.

1.   Any person subject to this Order who receives from any other person any "Material" (i.e., information of any kind provided in connection with discovery or settlement negotiations in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Material or Attorneys' Eyes Only Material to anyone else except as expressly permitted hereunder.

2.   The person producing any given Material may designate as Confidential only such portion of such material as consists of:

(a)   previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins) and information of a highly proprietary business or technical nature that is likely to be of value to a competitor or potential customer of the party or third party holding the proprietary rights thereto;

STIPULATED PROTECTIVE ORDER

(b)     previously non-disclosed material relating to ownership or control of any non-public company;

(c)     previously non-disclosed business plans, product development information, or marketing plans; or

(d)     any other category of information hereinafter given confidential status by the Court.

3.     With respect to the Confidential portion of any Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Material with the confidential information redacted.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.     No person subject to this Order other than the producing person shall disclose any of the Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)     counsel of record for the respective parties to this litigation, including employees of the law firm of such counsel of record;

(b)     the parties, employees and agents of the parties to this action who have a need to review such information for the sole purposes of assisting counsel in this action or to participate in settlement discussions;

(c)     any independent outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation (including their secretarial and clerical personnel), provided that such experts or consultants have executed an

Acknowledgement in the form annexed as Exhibit 1 hereto and that a copy of the executed Acknowledgement is served upon counsel for each party together with the address of the expert or consultant.  No disclosure may take place until the expiration of ten (10) business days after such service is made upon counsel for each other party, after which, disclosure may proceed unless application for court order preventing disclosure has been made before the expiration of the ten (10) business day period;

(d)     the authors, senders, addresses, and designated copy recipients of the producing party's Confidential Material;

(e)     stenographers engaged to transcribe depositions conducted in this action;

(f)     the Court and Court personnel including stenographic reporters employed by the Court;

(g)     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action in connection with the specific material that has been designated as "Confidential," provided that such witness has executed an Acknowledgement in the form annexed as Exhibit 1 hereto and that a copy of the executed Acknowledgement is served upon counsel for each party together with the address of the witness.  No disclosure may take place until the expiration of ten (10) business days after such service is made upon counsel for each other party, after which, disclosure may proceed unless application for court order preventing disclosure has been made before the expiration of the ten (10) business day period; and

(h)     Confidential Material shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to any employee of the parties, except as otherwise provided herein.

5.     The parties to this action and each party from whom information or documents are sought in this action may label or segregate documents and things produced by it, its answers to interrogatories, or any of its other responses to

-4-
STIPULATED PROTECTIVE ORDER

discovery demands as "Attorneys' Eyes Only" to the extent that it believes in good faith that such documents, things, answers or responses (hereinafter "Attorneys' Eyes Only Material") include extraordinarily sensitive trade secrets or other confidential research, development or commercial information.  Each such document, thing, answer or response shall be stamped "Attorneys' Eyes Only" on each page containing confidential material.  Such labeling or segregation shall be made at the time that a response to a discovery demand is made.  Information falling within the scope of this paragraph disclosed during depositions upon oral examination under F.R.C.P. 30 that is to be treated as Attorneys' Eyes Only Material under this paragraph shall be designated as Attorneys' Eyes Only by the deponent or his counsel prior to the completion of such deposition and shall be bound separately and labeled "Attorneys' Eyes Only."

6.     Except as otherwise directed by a court of competent jurisdiction, Attorneys' Eyes Only information received from a party shall be used solely for purposes directly related to settlement negotiations or preparation for trial in this action only and may be disclosed by persons receiving such information only to the following persons:

(a)     all counsel of record for the respective parties to this litigation (including employees of the law firm of counsel of record);

(b)     in-house counsel for the respective parties to this litigation;

(c)      any independent outside experts or consultants retained by any of the parties to this action or their counsel for purposes of this litigation (who are not employees, officers, shareholders, or directors of the party receiving such Attorneys' Eyes Only Material, including their secretarial and clerical personnel), provided that such experts or consultants have executed an Acknowledgement in the form annexed as Exhibit 1 hereto and that a copy of the executed Acknowledgement is served upon counsel for each party together with the address of the expert or consultant.  No disclosure may take place until the expiration of ten (10) business days after such

service is made upon counsel for each other party, after which, disclosure may proceed unless application for court order preventing disclosure has been made before the expiration of the ten (10) business day period;

(d)     the authors, senders, addressees, and designated copy recipients of the producing party's Attorneys' Eyes Only Material;

(e)     any other person as to whom the parties have mutually agreed in writing in advance and who have executed an Acknowledgement in the form annexed as Exhibit 1; and

(f)     The Court and Court personnel including stenographic reporters.

7.     If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Material that that person previously produced without limitation should be designated as Confidential, he may so designate by apprising all parties in writing, and such designated portion[s] of the Material will thereafter be treated as Confidential under the terms of this Order.  All information and documents provided by both Plaintiff and Defendant prior to the entry of this Order shall hereby be designated as Confidential and subject to the protections provided in this Order.

8.     Any party who either objects to any designation of confidentiality or who, by contrast, requests still further limits on disclosure may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9.     This Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein with notice, including a declaration that Materials designated as Confidential Material or Attorneys' Eyes Only Material are not within the scope of Fed. R. Civ. P. 26(c)(7).  If such an application is made, nothing herein shall alter any burden of proof that would

otherwise apply in determining whether the requested information is within the scope of Fed. R. Civ. P. 26(c)(7).

10.   All Confidential Material or Attorneys' Eyes Only Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Material or Attorneys' Eyes Only Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The parties will use their best efforts to minimize such sealing.

11.   All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Attorneys' Eyes Only.  The Court also retains discretion whether to afford confidential or attorneys' eyes only treatment to any Confidential Material or Attorneys' Eyes Only Material or any information contained therein submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12.   Each person who has access to Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.   This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Material designated as "Confidential" or "Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

14.   This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

1    This order, upon entry as such by the Court, shall bind the parties

2    represented by the undersigned counsel, the parties' agents, officers, employees and

3    representatives.

4    Dated This ___ day of November, 2009.

5    DUANE MORRIS LLP

6    By: _____

7    Yvette D. Roland, SBN: 120311
     633 West 5th Street, Suite 4600
8    Los Angeles, CA 90071-2065
     Telephone: (213) 689-7400
9    Facsimile: (213) 689-7401

10   Gregory P. Gulia (*Pro Hac Vice*)
     Eric W. McCormick (*Pro Hac Vice*)
11   Vanessa C. Hew (*Pro Hac Vice*)
     1540 Broadway
12   New York, NY 10036-4086
     Telephone: (212) 692-1000
13   Facsimile: (212) 692-1020

14   Attorneys for Plaintiff
     Unilever Supply Chain, Inc.

15

16   HANEY, BUCHANAN & PATTERSON LLP

17

18   By: _____

     Steven H. Haney, SBN: 121980
19   707 Wilshire Blvd., 53rd Floor
     Los Angeles, CA 90017
20   Telephone: (213) 228-6500
     Facsimile: (213) 228-6501

21

22   Attorney for Defendant
     Manual Regalado d/b/a/ El Cowboy

23

24   IT IS SO ORDERED
     Re: par. 10: comply with LR 79-5.
25

26   Date: November 17, 2009        _____/s/_____

27                                  Honorable Victor B. Kenton
                                    United States Magistrate Judge
28

-8-
STIPULATED PROTECTIVE ORDER

1

2

3

<u>EXHIBIT 1</u>

<u>ACKNOWLEDGEMENT</u>

4

5

6

7

8

9

10

11

12

13

14

15

16

17

I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of

Material that have been designated as Confidential or Attorneys' Eyes Only.  I agree

that I will not disclose such Confidential Material or Attorneys' Eyes Only Material to

anyone other than for purposes of this litigation and that at the conclusion of the

litigation I will return all documents or other materials to the party or attorney from

whom I received it.  By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District

Court for the Central District of California for the purpose of any issue or dispute

arising hereunder and that my willful violation of any term of the Protective Order

could subject to me punishment for contempt of Court.

18

19

20

Dated:_____            _____

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER